PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RANDY L. JAMISON, ) | |
| ) | CASE NO. 4:22CV1460 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| CORECIVIC MEDICAL DEPARTMENT, ) | |
| ) | **MEMORANDUM OF OPINION** |
| Defendant. ) | **AND ORDER** |

*Pro Se* Plaintiff Randy L. Jamison filed this *Bivens*[1] action against CoreCivic's Northeast Ohio Correctional Center ("NEOCC") Medical Department. In the Complaint (ECF No. 3), Plaintiff alleges that personnel in the medical department lost antibiotics prescribed for his toe, causing an infection to develop and resulting in the amputation of the toe. Plaintiff was a federal detainee at NEOCC when the above-entitled action was filed in the United States District Court

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

(4:22CV1460)

for the Northern District of Iowa (Case No. C22-0090-LTS).[2] On August 15, 2022, the case was transferred to this Court for improper venue. Plaintiff seeks monetary damages.

## I. Background

The Complaint (ECF No. 3) contains few factual allegations. Plaintiff states he went to St. Elizabeth's Hospital in Youngstown, Ohio to have his toe examined. He states that doctors prescribed an antibiotic to prevent his toe from becoming infected. Plaintiff indicates that after he returned to NEOCC, medical department personnel lost his medication. He claims his toe became infected requiring it to be amputated on April 4, 2022. Plaintiff does not assert legal claims but seeks $ 7.5 million in damages. *See* ECF No. 3 at PageID #: 22.

## II. Standard for Dismissal

Although *pro se* pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a

---

[2] According to the Bureau of Prisons ("BOP") website (https://www.bop.gov/inmateloc/ (last visited Nov. 22, 2022)), Plaintiff is currently housed at USP Hazelton.
 Plaintiff has failed to provide the court with his current address. It is the party, not the court, who bears the burden of apprising the court of any changes to his mailing address. *See* Yeschick v. Mineta, 675 F.3d 622, 630 (6th Cir. 2012) (citing *Casimir v. Sunrise Fin., Inc.*, 299 Fed.Appx. 591, 593 (7th Cir. 2008) (affirming district court's denial of Fed. R. Civ. P. 60(b) motion when movants claimed due to house fire they did not receive mail informing them of court's entry of summary judgment); *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("[A] litigant who invokes the processes of the federal courts is responsible for maintaining communication with the court during the pendency of his lawsuit."); *Watsy v. Richards*, No. 86-1856, 1987 WL 37151, at *1 (6th Cir. April 20, 1987) (affirming dismissal for failure to prosecute when appellant failed to provide district court with "current address necessary to enable communication with him").

2

(4:22CV1460)

claim upon which relief may be granted or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III. Law and Analysis

As an initial matter, Plaintiff has not specified a cause of action in the Complaint (ECF No. 3). He checked a box on his Complaint form indicating he is seeking relief under *Bivens*. *See* ECF No. 3 at PageID #: 20. *Bivens* provides a cause of action against individual officers acting under color of federal law alleged to have acted unconstitutionally. *Corr. Servs. Corp. v.*

3

(4:22CV1460)

*Malesko*, 534 U.S. 61, 70 (2001). Plaintiff does not name any individual federal officer(s) as a defendant. Instead, he generally names the entire NEOCC Medical Department as the defendant. NEOCC is owned and operated by CoreCivic, which is a private corporation. *See* https://www.corecivic.com/facilities/northeast-ohio-correctional-center (last visited Nov. 22, 2022). Private corporations cannot be sued for damages under *Bivens*. *Id.* at 70-74. A *Bivens* action cannot be brought against a federal prison, the BOP or the United States Government. *Id.* The Supreme Court declined to expand *Bivens* to provide this cause of action against a private prison corporation, like CoreCivic, when the remedy is not available against government owned and operated prisons. *Id.* Thus, Plaintiff cannot bring a *Bivens* action against the NEOCC Medical Department.

### IV. Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The dismissal is without prejudice to any valid state law claim Plaintiff may have under the facts alleged. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

The Clerk is directed to issue a copy of this Memorandum of Opinion and Order by regular mail to Randy L. Jamison, #61120-060, USP Hazelton, P.O. Box 2000, Bruceton Mills, WV 26525.

IT IS SO ORDERED.

| | |
|---|---|
| November 29, 2022 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |